# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RODNEY CARROLL; TODD VAN DER JAGT; JERRY RAY; TONY JELINEK; STEPHEN ANDERSON; and FRED MINOR, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> FLEXSTEEL INDUSTRIES, INC.; JERALD K. DITTMER; DERECK P. SCHMIDT; and UNNAMED FIDUCIARIES OF FLEXSTEEL'S ERISA-GOVERNED SEVERANCE PLAN, <br><br> Defendants. | 21-CV-1005-CJW-MAR <br><br><br> **ORDER** |

_____

This matter is before the Court on the plaintiffs' Motion for Class Certification, Preliminary Approval of Settlement, Notice to Class, and Appointment of Class Counsel. (Doc. 44). Defendants timely filed a response to plaintiffs' motion, to which they state no resistance. (Doc. 45).

Plaintiffs filed this class action seeking damages for themselves and those similarly situated following the termination of their employment between April 2020 and June 2020, primarily from defendant Flexsteel's manufacturing centers in Dubuque, Iowa and Starkville, Mississippi. (Doc. 1). Plaintiffs allege violations of the WARN Act and ERISA for defendants' failure to provide sixty-days' notice of plant closings and failure to pay severance in accordance with past policy, practice, and plans. (*Id.*). Plaintiffs also allege that defendant Flexsteel's corporate officers breached their fiduciary duties in

connection with the failure to pay severance. (*Id.*). Finally, plaintiffs allege that defendants violated the Iowa Wage Payment Collection Act, Chapter 91A of the Iowa Code, by failing to make termination payments. (*Id.*).

Defendants moved to dismiss plaintiffs' ERISA claims under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 18). The Court denied defendants' motion. (Doc. 29). Plaintiffs then filed their Second Amended Complaint. (Doc. 34). Approximately three months later, parties advised the Court they had reached a settlement. (Doc. 40). Defendants then filed this motion. (Doc. 44).

For the following reasons, the Court **grants** plaintiffs' motion. The Court also finds plaintiffs complied with all requirements of Local Rule 23(a).

## I. CLASS CERTIFICATION

For the following reasons, the Court finds class certification appropriate.

### A. Applicable Law

Class certification is an exception to the norms of litigation. *Wal-Mart v. Dukes*, 564 U.S. 338, 348 (2011). To justify a departure from these norms, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (internal quotation omitted). Only when the named plaintiff and class members share the same interest and the same injury does "a proposed class ha[ve] sufficient unity so that absent members can fairly be bound by decisions of class representatives" and a court can appropriately certify the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997).

To show that the same interest and injury exist, the named plaintiff must demonstrate first that all Rule 23(a) prerequisites for a class action are met and second that all requirements of at least one of Rule 23(b)'s class action types are met.

---

[1] The Court notes that defendants also filed an earlier motion to dismiss plaintiffs' ERISA claims (Doc. 11), which the Court denied as moot. (Doc. 17).

2

### B. *Rule 23(a) Prerequisites*

Federal Rule of Civil Procedure 23 governs class certification. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

A plaintiff bears the burden of showing that he, as class representative, has the same interest and injury as other class members. *Dukes*, 564 U.S. at 349; *see also Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1036 (8th Cir. 2018) ("Plaintiffs carry the burden of showing that they have met [the Rule 23] requirements."). Plaintiffs "must affirmatively demonstrate . . . compliance with . . . Rule [23]—that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. Thus, a court must consider the particular circumstances of the case when determining whether a plaintiff meets Rule 23(a) prerequisites. *See Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 520 (N.D. Iowa, 2003). The court's analysis is rigorous, *Dukes*, 564 U.S. at 350–51, because "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id.* (quoting *Falcon*, 457 U.S. at 160).

The Court now addresses each Rule 23(a) prerequisite in turn.

### *1. Numerosity*

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The Eighth Circuit Court of Appeals has not established a minimum number of plaintiffs that makes joinder impracticable and a class action desirable. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 599 (8th Cir. 1982). "[A] good rule of thumb" for determining whether the class was sufficiently numerous is if the proposed class is more than 40 people. *Richter v. Bowen*, 669 F. Supp. 275, 281 n.4 (N.D. Iowa 1987); *see also Alberts v. Nash Finch Co.*, 240 F.R.D. 299, 409 (D. Minn. 2007). More recently, however, the Court has cited a wide variety of class certification cases, both in and outside the Eighth Circuit, that support a finding of numerosity turning in part on the facts of the case. *See Sanft*, 214 F.R.D. at 520–21. *Compare, e.g.*, *Bublitz v. E.I. du Pont de Nemours and Co.*, 202 F.R.D. 251, 256 (S.D. Iowa 2001) (holding that 17-member class sufficient, based on the "fear that comes with suing one's employer") *with, e.g.*, *Gries v. Standard Ready Mix Concrete, L.L.C.*, 252 F.R.D. 479, 488 (N.D. Iowa 2008) (holding that plaintiffs' proposed class of 90 members whose identities were known and who were geographically concentrated was not "sufficiently large to meet the numerosity requirement").

Here, the proposed class has approximately 300 members—well beyond the typical 40-person threshold for numerosity. This class size is sufficiently large that joinder is impracticable, and a class action is desirable. For these reasons, the Court finds that plaintiffs satisfy the numerosity requirement.

### *2. Commonality*

Rule 23(a)(2) first requires the existence of "questions of law or fact common to the class," though not all "question[s] of law or fact [must] be common to every member of the class." *Paxton*, 688 F.2d at 561. The existence of common questions alone, however, is insufficient; the common questions must also "generate common *answers* apt

4

to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)). "Dissimilarities within the proposed class . . . impede the generation of common answers." *Id.* at 350. Comparing the evidence a plaintiff uses to sustain his individual claim to the evidence he uses to prove the class claims may also show whether common questions and answers exist. *See Falcon*, 457 U.S. at 159.

Second, a plaintiff must show that such questions of law are "applicable in the same manner to each member of the class." *Falcon*, 457 U.S. at 155 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)). *Dukes* calls this "a common contention." *Dukes*, 564 U.S. at 350. By demonstrating that a common contention exists, the plaintiff shows that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

Third, "a plaintiff must demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 564 U.S. at 349–350 (quoting *Falcon*, 457 U.S. at 157); *see also Webb v. Exxon Mobil Corp.*, 856 F.3d 1150 (8th Cir. 2017) (describing suffering the same injury as "[p]ivotal" to the court's determination).

ERISA actions have sufficient commonality when class members share questions of "whether Defendants acted as fiduciaries, whether they breached their duties of prudence and loyalty, [and] whether they violated ERISA, as well as whether and to what extent the Plan was injured as a result." *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 186 (W.D. Mo. 2009); *see also Rozo v. Principal Life Ins. Co.*, No. 4:14-CV-000463-JAJ-CFB, 2017 WL 2292834, at *3 (S.D. Iowa May 12, 2017) (finding commonality requirement met because standardized terms of the plan "appl[ied] uniformly across the proposed class" in ERISA action).

Here, the Court finds plaintiffs satisfy each prong of the commonality requirement.

5

First, plaintiffs meet commonality's first prong because they show that common questions of law and fact exist between plaintiffs' claim and the proposed class members' claims. Plaintiffs' case depends on factual and legal questions about "Flexsteel's alleged history and company documents, which Plaintiffs argue establishe[s] there was a severance formula applicable to all class members." (Doc. 44-1, at 4). Further, the evidence needed to prove an ERISA plan existed for severance benefits as to plaintiffs would be the same for each class member. Thus, common questions of law and fact exist.

Second, plaintiffs meet commonality's second prong because they show that a common contention exists between the class members' claims. Plaintiffs show the class presents both common questions and common answers, as *Dukes* requires. Here, for instance, the determination of defendants' obligations under ERISA and related severance benefits will "resolve an issue that is central to the validity of each one of the claims in one stroke," (*Id.*); *Dukes*, 564 U.S. at 350, because it is applicable to each class member in the same manner. *Falcon*, 457 U.S. at 155.

Third, plaintiffs meet commonality's third prong because they allege defendants' ERISA violations caused them to suffer the same injury as their proposed class members. (Doc. 44-1, at 4); *see* Jones, 257 F.R.D. at 186; *Rozo*, 2017 WL 2292834, at *3.

In sum, the Court finds that plaintiffs satisfy the commonality requirement.

### 3. *Typicality*

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Typicality is "a demonstration that there are other members of the class who have the same or similar grievances as the [class representative]." *Paxton*, 688 F.2d at 562 (finding typicality requirement satisfied because plaintiffs and other employees were similarly denied timely promotions based on their race). Typicality "is fairly easily met so long as other class members have claims

6

similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (citing *Paxton*, 688 F.2d at 562). This prerequisite for class certification, however, is more demanding in suits seeking monetary damages than injunctive or declaratory relief. *See id.*, at 1174–75.

Typicality may appropriately be found when the plaintiffs' claim is "based on patterns and practices not special or unique to [them] and [they] ha[ve] *made a showing that a significant number of other members of the class have been similarly victimized* by the same patterns and practices." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977) (emphasis added). Because commonality also requires that plaintiffs show that they and the proposed class members suffered the same injury, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Falcon*, 457 U.S. at 157, 157 n.13. "Both [requirements] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiffs' claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 157 n.13.

Here, plaintiffs' claims appear to be typical of the class. As plaintiffs assert, "[t]he claims of all class members arise from the same event and purported characterization of Defendants' motivations: Flexsteel's decision to terminate its Recreational Vehicle and Hospitality lines of business on April 28, 2020 without paying severance benefits, using the pandemic as a reason to accelerate a long-planned company restructuring." (Doc. 44-1, at 4). Thus, the claims of all class members depend on similar facts supporting similar victimization. *Donaldson*, 554 F.2d at 831. The class members' claims also share a legal theory: "that Flexsteel failed to pay eligible employees severance under an ERISA-governed severance plan without giving notice of plan modification." (*Id.*, at 5). Accordingly, plaintiffs' claims and the class claims here "are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."

7

*Falcon*, 457 U.S. at 157, 157 n.13. Thus, the Court finds plaintiffs satisfy the typicality requirement.

### 4. *Adequacy*

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." To make this determination, a court must ascertain "whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562–63; *Rattray v. Woodbury Cty., Iowa*, 253 F.R.D. 444, 455 (N.D. Iowa 2008), *aff'd sub. nom. Rattray v. Woodbury Cty., IA*, 614 F.3d 831 (8th Cir. 2010).

Here, plaintiffs will adequately protect the class interests as class representatives. These six former employees represent the two primary production facilities at issue in this case and held a range of positions at these facilities. (Doc. 44-1, at 5). Also, plaintiffs appear to have no conflicts with any class members. (*Id.*). Further, plaintiffs appear committed to their work on behalf of the class, because they have been actively involved in discovery, settlement, damage calculations and theory formation." (*Id.*).

Thus, the Court finds plaintiffs satisfy the adequacy requirement.

For these reasons, the Court finds plaintiffs meets all four Rule 23(a) prerequisites for class certification. Thus, plaintiffs may sue as class representatives.

Having analyzed plaintiffs' motion to certify class under Rule 23(a), the Court now turns to the Rule 23(b) requirements.

### C. *Rule 23(b) Requirements*

In addition to the Rule 23(a) prerequisites for class certification, the proposed class must also satisfy one of three Rule 23(b) requirements, thereby demonstrating that the suit is the type of case the Federal Rules deem appropriate for class action resolution.

*See* FED. R. CIV. P. 23(b). Here, plaintiffs seek certification under Rule 23(b)(3). (Doc. 44-1, at 5–6).

Rule 23(b)(3) authorizes a class action when "the court finds that the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (emphasis added). Rule 23(b)(3)'s "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," "test[ing] whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. In a proper 23(b)(3) action, "[p]redominance and superiority are self-evident." *Dukes*, 564 at 363.

Here, plaintiffs' claims derive from a specific question: "whether Flexsteel's plant closures without paying severance violated ERISA by failing to adhere to its established severance plans." (Doc. 44-1, at 5). In proving their claims, plaintiffs "intend[ ] to focus on Flexsteel's long range plans to restructure the company, as evidenced in its shareholder communications, past company practice of paying severance, and company documents." (*Id.*). These common questions of law and fact, coupled with a narrow window of time wherein the plaintiffs and proposed class members were injured, provide sufficient cohesion to warrant adjudication by representation. Thus, "[p]redominance and superiority are self-evident" here, *Dukes*, 564 at 363, and the Court finds class certification under Rule 23(b)(3) appropriate.

### D.   *Certification of the Class*

Plaintiffs' motion sets forth the factual basis for a class action under Federal Rule of Civil Procedure 23(a), complies with additional requirements under Rule 23(b), and provides sufficient reason to appoint plaintiffs' counsel as class counsel under Rule 23(g)(1). Thus, plaintiffs' motion fulfills all requirements for class certification under Northern District of Iowa Local Rule 23(a).

The Court hereby certifies the following class under Rule 23(b)(3):

All United States based permanent employees of Flexsteel whose employment was terminated as a result of Flexsteel restructuring/downsizing/facility closure at any time during the period of January 1, 2020, through December 3, 2021, excluding individuals who signed releases and individuals on temporary assignment at Flexsteel.

## II. APPOINTMENT OF CLASS COUNSEL

When appointing class counsel, the Court must consider:

(1) the work counsel has done in identifying or investigating potential claims in the action;
(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(3) counsel's knowledge of the applicable law; and
(4) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). The Court may, among other items, consider additional information relevant "to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B)-(E).

The Court has reviewed information about plaintiffs' counsel, submitted in plaintiffs' motion. (Doc. 44-1, at 6). Counsel have ably represented plaintiffs since inception of the case. Counsel have experience in navigating class actions and show knowledge of and intellectual engagement with the applicable law. Thus, the Court finds plaintiffs' counsel can fairly and adequately represent the interests of the class. The Court appoints as class counsel Dorothy O'Brien and Kelsey Marquard.

## III. LOCAL RULE COMPLIANCE

Local Rule 23(a) states that to obtain class certification:

the party seeking to maintain the action as a class or representative action must, within 180 days after commencement of the action, file a separate motion for certification. The motion must include a proposal for the appointment of class counsel, unless such a proposal has been included in an earlier-filed motion. If the action is brought under Federal Rule of Civil

10

Case 2:21-cv-01005-CJW-MAR   Document 46   Filed 04/07/22   Page 10 of 14

Procedure 23, the motion and documents supporting the motion must do the following:
1. Set forth with particularity the facts relied upon to satisfy the prerequisites of Federal Rule of Civil Procedure 23(a);
2. Fully articulate one or more of the additional requirements for maintenance of a class action that are set forth in Federal Rule of Civil Procedure 23(b); and
3. If the motion includes a proposal for the appointment of class counsel, set forth with particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B).

Here, plaintiffs' motion sets forth the factual basis for a class action under Rule 23(a), is compliant with 23(b)(3), and provides sufficient reason to appoint plaintiffs' counsel as class counsel under 23(g)(1). Thus, plaintiffs' motion fulfills all requirements of Local Rule 23(a).

### IV. PRELIMINARY APPROVAL OF SETTLEMENT

For the following reasons, the Court preliminarily approves the parties' settlement.

#### A. Applicable Law

"The claims . . . of a certified class . . . may be settled [or] voluntarily dismissed . . . only with the court's approval." FED. R. CIV. P. 23(e). "If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable and adequate[.]" FED. R. CIV. P. 23(e)(2).

The Court "acts as a fiduciary [that] must serve as a guardian of the rights of absent class members," and the Court cannot accept a settlement that is not fair, reasonable, and adequate. *Grunin v. Int'l House of Pancakes, Inc.*, 513 F.2d 114, 123 (8th Cir. 1975) (citations omitted). To determine whether a settlement is fair, reasonable, and adequate under Rule 23(e), the Eighth Circuit directs district courts to consider four factors: "1) the merits of the plaintiffs' case weighed against the terms of the settlement, 2) the defendant's financial condition, 3) the complexity and expense of further litigation,

and 4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quotation omitted). The balance of the merits of the plaintiffs' case against the settlement terms is the most important consideration. *Id.*

### *B. Analysis*

For the following reasons, the Court finds the *Marshall* factors weigh in favor of approving the settlement.

Plaintiffs show that, weighing the merits of their case against the terms of settlement, "three main reasons justify[ ] the compromise" of settlement. (Doc. 44-1, at 9). First, damages are uncertain and settlement helps avoid this uncertainty. (*Id.*). Second, the WARN Act defines its damages as back pay, meaning that class members receiving back pay awards under the WARN Act must reimburse the state for unemployment benefits. (*Id.*). Settlement, however, allows for flexibility in this allocation. (*Id.*). Third, the class members must produce evidence of a written ERISA plan to prevail at trial and it is unclear whether continued e-discovery would produce this necessary evidence. (*Id.*, at 9–10).

Plaintiffs know of no reason why defendants would not be able to pay an adverse judgment (*Id.*, at 10), but the Court notes that continuing to litigate this matter would only continue to accumulate attorneys' fees for plaintiffs and their class members, adding to expense of litigation. Because the litigation involves ERISA claims and is a class-action suit, it is necessarily complex. Finally, plaintiffs indicate no opposition to the settlement. Because two years remain for class members who prefer not to settle to opt-out (*Id.*), the Court anticipates little opposition.

In sum, the balance of *Marshall* factors leaves the Court satisfied that the proposed settlement is fair, reasonable, and adequate. Moreover, as the fiduciary guarding the rights of absent class members, the Court has reviewed the proposed distribution formula, which is based on years of service and compensation level and distributed pro rata among

the class. (Doc. 44-4, at 14). The Court preliminarily approves this objective formula and pro rata distribution.

The Court, however, will reserve final judgment until hearing on whether there is any opposition to the settlement and any reasons supporting the opposition.

## V. NOTICE

The Court has reviewed plaintiffs' proposed two-step notice procedure in which an abbreviated notice will first be mailed to class members, followed by a longer, more detailed notice to be posted on the settlement website, as referenced in the first notice. (Docs. 44-2, 44-3). The Court finds that this notice procedure meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), which provides standards for notice of settlements under Rule23(b)(3). Thus, the Court approves the proposed notice process.

## VI. CONCLUSION

For the reasons stated above, plaintiffs' unresisted Motion for Class Certification, Preliminary Approval of Settlement, Notice to Class, and Appointment of Class Counsel (Doc. 44) is **granted**. The Court preliminarily approves plaintiffs' proposed settlement (Doc. 44-4) and authorizes the parties to proceed with notice to the class and final motions necessary to bring the case to conclusion.

The proposed notice provides for a procedure for class members to opt out of the settlement and gives class members 30 days from the postmark date of the short form notice to complete the opt out process. The Court finds this reasonable. Therefore, for persons wishing to opt out, the deadline to file the opt out forms with the class administrator is 30 days after the post mark of the short form notice. Members who wish to object to the settlement must file those objections with the class administrator no later than May 30, 2022. Class members who object may obtain legal representation at their expense. In order to be heard at the Final Fairness Hearing, counsel must file an appearance with this Court no later than May 30, 2022.

13

Class Counsel must file their motion for approval of service fees for class representative, attorney fees, and costs by April 29, 2022.

Counsel for the parties are instructed to contact Sali Van Weelden at Sali_VanWeelden@iand.uscourts.gov to schedule a Final Fairness Hearing. Counsel for the parties must submit a proposed order regarding the requested final approval of the settlement 14 days prior to the Final Fairness Hearing.

**IT IS SO ORDERED** this 7th day of April, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa