# CONTINGENCY FEE AGREEMENT

This agreement made and entered into on ____1/10/2021____, by and between

**Kelsey A. W. Marquard and Dorothy A. O'Brien, O'Brien & Marquard, P.L.C.,**

(hereafter referred to as "counsel"), and ____Todd Van Der Jagt____ hereafter referred to

as "client").

Whereas the client desires to employ counsel to represent them in an action

against **Flexsteel** (hereafter referred to as "employer").

Now therefore, in consideration of the mutual promises herein exchanged, it is

agreed as follows:

1. Client retains counsel to prosecute client's claims for damages against

   **Flexsteel** and any of its agents or affiliates and client authorizes counsel to

   do all necessary and proper to achieve a satisfactory result.

2. Client agrees to pay counsel as follows:

   (a) 33 1/3% of the gross amount as a result of any settlement if the case

   is resolved prior to the time a summary judgment motion is filed in

   Court or sixty days prior to trial.

   (b) Past the time identified in paragraph 2(a), then client agrees to pay

   40% of any settlement or decision, or the fee awarded by the court,

   whichever amount is higher. If an appeal is filed, the fee increases

   to 45% of the gross amount paid to or received as a result of any

   settlement, verdict or decision, or the fee awarded by the court,

1

**EXHIBIT
1**

DocuSign Envelope ID: BD20F886-22F2-46E6-9012-50F077AB142F

whichever amount is higher.

(c)     In the event of the receipt of noncash benefits, including and without limitation, reinstatement, letter of recommendation, expungement of files, pension benefits or credits, health insurance coverage, there shall be paid a reasonable fee to cover such benefits, based upon all relevant factors including time spent and value of the benefit.

3.   Client shall be responsible for all costs, out-of-pocket expenses and disbursements of counsel incurred on client's behalf, including and without limitation, as follows:

(a)     Travel expense (including room, board, airfare, parking, taxi, car expense of $.50 per mile and miscellaneous expenses).

(b)     Court filing and witness fees.

(c)     Expert witness fees.

(d)     Deposition costs, including reported attendance fee, typing transcript.

(e)     Payments to retain local counsel or counsel in a foreign jurisdiction, not to exceed $1,000.00, shall be considered as an out-of-pocket expense.

Counsel estimates that these out-of-pocket expenses will range between $0.00 and $2,000.00, excluding fees for expert witnesses and other counsel, although this is

2

not a promise and the amounts could be higher. Attorneys will consult client prior to incurring any nonemergency expense in excess of $1,000.00.

Out-of-pocket expenses will be billed monthly and are due on a pay as you go basis within 10 days of billing. In the event of undue financial hardship, counsel will make reasonable provisions for extended and/or delayed reimbursement. Any costs that remain unpaid 30 days after billing will have an interest of 10% per year added.

4.      Any reasonable failure to pay the sums set forth in paragraph 3 above shall be deemed ground for withdrawal as counsel.

5.      Client agrees to accept the reasonable recommendations of counsel as to any settlement offer and if client refuses to accept an offer that the counsel deems reasonable, counsel is free to resign without further obligation and shall have a lien on one-third (1/3) of the amount of any subsequent recovery equal to or less than the amount of the offer rejected by client. Counsel agrees to keep the client informed of the case's progress. In addition, I agree that Rodney Carroll has my authority to make settlement decisions on my behalf in connection with any group/class wide settlement offers. This is necessary because it may be impossible to communicate with every member of the group as we proceed through negotiations.

6.      This claim for unpaid wages and overtime will be brought as a collective action on behalf of client and other employees. I understand that there is a high potential that there would be settlement negotiations that could involve a lump sum of money to be distributed among me and other employees based on our respective claims

3

for overtime. In this event, there could develop a conflict of interest for counsel in that a single sum of money must be divided among various members of the class, including current and former coworkers. I waive any such conflict of interest.

7.  I agree to promptly return telephone calls and to cooperate in providing information needed to prosecute the case. I understand that if I fail to keep in touch and provide information, this will hurt my chances of recovery and I could be dropped from the lawsuit. All information I have provided in connection with this case is true.

8.  This agreement shall be interpreted according to the law of the State of Iowa.

9.  It is agreed that counsel has given no guarantee concerning the results of client's claims and all expressions of counsel are matters of opinion only. Client understands there will be an uphill struggle and there is a possibility nothing will be recovered.

10. **Client has read and understands this agreement.**

DocuSigned by:

Todd Van Der Jagt
_____
Todd Van Der Jagt

_____
Kelsey A. W. Marquard
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road, Suite 140S
Davenport, IA 52807
563-355-6060

4