IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RODNEY CARROLL, TODD VAN DER JAGT, JERRY RAY, TONY JELINEK, STEPHEN ANDERSON, AND FRED MINOR ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED**;** <br><br>Plaintiffs, <br><br>v. <br><br>FLEXSTEEL INDUSTRIES, INC.; JERALD K. DITTMER, DEREK P. SCHMIDT, and UNNAMED FIDUCIARIES OF FLEXSTEEL'S ERISA-GOVERNED SEVERANCE PLAN <br><br>Defendants. | CASE NO. 2:21-cv-01005-CJW-MAR <br><br>**PROPOSED ORDER APPROVING SETTLEMENT, SERVICE FEES, COSTS AND ATTORNEY FEES** |

*I. Introduction*

This matter came before the Court pursuant to Notice for Final Hearing on the proposed settlement and Plaintiffs' unopposed motion for approval of payment of service fees and attorney fees and costs advanced during this litigation. Appearing for Plaintiffs were Dorothy A. O'Brien and Kelsey Marquard and for Defendants was Jesse Dill. This Court previously entered an order preliminarily approving the settlement and prescribing notice on April 7, 2022. (Docket No. 46). The parties now ask the Court to finally approve the settlement. Flexsteel did not object to Plaintiffs' Motion for

**Order approving settlement and payment of fees and costs**
**Carroll et al v Flexsteel et al.**

Preliminary Approval or Motion for Approval of fees. No class members objected to the settlement at the hearing or via the procedure set forth in the settlement agreement and order preliminarily approving the settlement for written objections to be filed with the court.

*II. Procedural History*

This case was filed on March 2, 2021 by former employees of Flexsteel's Dubuque, Iowa and Starkville, Mississippi facilities and on behalf of terminated employees of Flexsteel. Plaintiffs asserted claims under The Employee Retirement Income Security Act of 1974 ("ERISA"), the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), and the Iowa Wage Payment and Collection Act, *Chapter 91A of the Iowa Code.* Plaintiffs claimed that Defendants had violated the WARN Act by failing to give 60 days' notice of plant closures and ERISA by failing to pay severance in accordance with previously established benefit plans. Flexsteel vigorously defended the case throughout the litigation, asserting that included, but were not limited to, that there was no ERISA plan, no severance payments were due any former employees of Flexsteel, and that the plant closures during the pandemic were the result of circumstances exempt under WARN. The Court considered and denied two motions to dismiss. The parties engaged in written discovery and negotiations over electronic discovery. The parties engaged in a mediation session on December 3, 2021, and, following that mediation, the parties agreed to settlement terms that included total financial payment to Plaintiffs and their counsel in the amount of $1,275,000.

2

**Order approving settlement and payment of fees and costs**
**Carroll et al v Flexsteel et al.**

On April 7, 2022, the Court issued an order preliminarily certifying the class for settlement purposes under FED. R. CIV. P. 23. The class definition is:

> United States based permanent employees of Flexsteel whose employment was terminated as a result of Flexsteel restructuring/downsizing/facility closure at any time during the period of January 1, 2020 through December 3, 2021, excluding individuals who signed releases and individuals on temporary assignment at Flexsteel.

Notice of the Rule 23 class was sent to class members following the Court's preliminary approval of the settlement. The notice included a short form post card notice mailed to each class member with links to the class action website with a longer notice and detailed information regarding the ways to object to and/or opt out of the settlement agreement. Notice was mailed on May 2, 2022, with the opt out deadline of June 1, 2022. Per the class administrator, 331 notices were mailed, with 5 undeliverable. The Court deems this notice the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided.

In addition, as required by the *Class Action Fairness Act*, 27 U.S.C. 715, the class administrator mailed notices to attorneys general in states affected by the settlement on April 25, 2022. There have been no objections by the attorneys general in response to that notice.

### III. The Settlement
#### A. Applicable Law

"The claims . . . of a certified class . . . may be settled [or] voluntarily dismissed . . . only with the court's approval." FED. R. CIV. P. 23(e). "If the proposal would bind class members, the court may approve it only after a hearing and only on

3

finding that it is fair, reasonable and adequate[.]" FED. R. CIV. P. 23(e)(2). The Court "acts as a fiduciary [that] must serve as a guardian of the rights of absent class members," and the Court cannot accept a settlement that is not fair, reasonable, and adequate. *Grunin v. Int'l House of Pancakes, Inc.*, 513 F.2d 114, 123 (8th Cir. 1975) (citations omitted). To determine whether a settlement is fair, reasonable, and adequate under Rule 23(e), the Eighth Circuit directs district courts to consider four factors: "1) the merits of the plaintiffs' case weighed against the terms of the settlement, 2) the defendant's financial condition, 3) the complexity and expense of further litigation, and 4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quotation omitted). The balance of the merits of the plaintiffs' case against the settlement terms is the most important consideration. *Id.*

  *B. Analysis*

  For the following reasons, the Court finds the *Marshall* factors weigh in favor of approving the settlement.

  Plaintiffs show that, weighing the merits of their case against the terms of settlement, "three main reasons justify[] the compromise" of settlement. (Doc. 44-1, at 9). First, damages are uncertain and settlement helps avoid this uncertainty. (*Id.*). Second, the WARN Act defines its damages as back pay, meaning that class members receiving back pay awards under the WARN Act must reimburse the state for unemployment benefits. (*Id.*). Settlement, however, allows for flexibility in this allocation. (*Id.*). Third, the class members must produce evidence of a written ERISA plan to prevail at trial and it is unclear whether continued e-discovery would produce this necessary evidence. (*Id.*, at 9–10).

  Plaintiffs know of no reason why Defendants would not be able to pay an adverse judgment (*Id.*, at 10), but the Court has previously noted that continuing to litigate this matter would only continue to accumulate attorneys' fees for plaintiffs and their class members, adding to expense of litigation. Because the litigation involves ERISA claims and is a class-action suit, it is necessarily complex. Finally, after

4

completion of the two-step notice with a 30-day opt out period and opportunity to object, none of the 331 class members raised objection or opted out.

In sum, the balance of *Marshall* factors leaves the Court satisfied that the proposed settlement is fair, reasonable, and adequate. Moreover, as the fiduciary guarding the rights of absent class members, the Court has reviewed the proposed distribution formula, which is based on years of service and compensation level and distributed pro rata among the class.

Based on the Court's observations, the lack of objections and/or opt outs from class members, the record as a whole, applicable law and representations of counsel, the settlement is a reasonable compromise of the claims.

IV. Other payments

    A. *The service awards*

Courts routinely recognize and approve incentive awards for class representatives. *Jones v. Casey's General Stores, Inc.*, 266 F.R.D. 222, 231 (S.D. Iowa 2009) (Approving $10,000 service awards to named plaintiffs who had advanced the litigation and achieved substantial benefits for class members.) Payments are appropriate when the named representatives took steps to protect the rights of class members by lending their names and efforts to the prosecution of a class action. *See, Id. Also, see, Gulino v. Symbol Tech., Inc.*, No. 06CV2810, 2007 WL 3036890, at * 2 (E.D.N.Y. Oct. 17, 2007); *Nilsen v. York County*, 382 F.Supp.2d 206, 215 (D.Me.2005) (approving incentive payments of $5,000.00–$5,500.00 for class representatives); *Thornton v. E. Tex. Motor Freight,* 497 F.2d 416, 420 (6th Cir.1974) (approving greater awards for those who took a more active role in seeking class relief); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D.Ohio 1991). The record supports the proposed service awards of $7500 each to Mr. Carroll and Mr. Van Der Jagt in light of their involvement in discovery,

class communication, and settlement negotiations. The Court also approves the requested service fees of $2500 each to Jerry Ray, Tony Jelinek, Stephen Anderson and Fred Minor, the other class representatives. The Court approves payment of these service fees from the common settlement fund.

*B. The attorney fees and costs.*

Class counsel also seek this Court's approval of attorney's fees and costs from the common settlement fund of $425,000 in fees and costs. The proposed fees amount to one-third of the settlement fund and include $8,770.55 in out of pocket costs and $5,000 to be paid to Susan Hess, a referring attorney who devoted time and effort to the case prior to class counsel's involvement. Counsels' records show they have devoted nearly 500 hours to advance this case. Contingency fee agreements between class counsel and 41 class members set the fee at one-third of any recovery. Further, Plaintiffs' counsel are experienced and have achieved a fair result for their clients.

Under the *Iowa Wage Payment Collection Act* prevailing plaintiffs are entitled to a reasonable attorney fee. *Am. Fam. Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 352 (8th Cir. 2013); Iowa Code 91A.8. The amount of the attorney fee award is within the trial court's discretion. In addition, the Court has the discretion to grant attorney fees to the prevailing party in a WARN Act claim. 29 U.S.C.A. § 2104. Attorneys' fees may also be awarded under ERISA. *See Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 973 (8th Cir. 2002).

The Court's approval of fees paid out of the settlement fund is required. FED. R. CIV. P. *23(e); Jones v. Casey's General Stores, Inc.*, 266 F.R.D. 222, 230-31 (S.D.Iowa 2009).

**Order approving settlement and payment of fees and costs**
**Carroll et al v Flexsteel et al.**

Fees should be fair and reasonable and adequately reflect the risk counsel took in pursuing the case and a fair market value for the services provided. *Wineland v. Casey's General Stores, Inc., 267 F.R.D. 669, 677 (S.D.Iowa 2009).* The Court should look to whether the efforts of counsel resulted in tangible benefits to the class, the complex nature of the litigation, the substantial risks involved, the quality of work performed, and the efficient manner in which this litigation was resolved. *Id.* (Approving an award of $2,181,150 for fees and costs on a settlement of $6.7 million.) The Court finds that counsel achieved tangible results for the class; that there was and continues to be significant risk associated with the legal issues; that the fees are reasonable; that the legal work was of high quality and that the case was conducted efficiently. Further, the Court finds that the fees represent fair market value for the work performed.

The Court reviews the proposed attorney fees to be paid out of the settlement fund under F. R. Civ. Proc. 23(h) in connection with the decision on whether to approve the settlement. Consistent with FED. R. CIV. P. 23(h) and pursuant to this Court's Order, class counsel filed their motion for fee approval on April 29, 2022, with the Motion and Brief being posted on the class administrator's web site, which also provided notice of the Final Fairness Hearing and the opportunity to object. No objections have been made.

The Court hereby approves payment of the attorney fees and costs from the common settlement fund.

V.   *Class Member Dismissal, Waiver, and Release of Claims.*

7

**Order approving settlement and payment of fees and costs**
**Carroll et al v Flexsteel et al.**

In exchange for the settlement payments, service awards, attorney fees and costs, and in accordance with the parties' agreement, the Court further finds that the above-captioned matter shall be dismissed, with prejudice, and that each Class Member shall fully, finally, and forever waive and release the Defendants and the Released Parties from any and all Released Claims, and other liabilities, as set forth in greater detail in the Class Action Settlement Agreement.

VI.   *Conclusion.*

For the reasons stated above, the Court

- Approves the proposed settlement and distribution formula;

- Approves payment out of the common fund of the requested service fees to class representatives of $7500 each to Todd Van Der Jagt and Rodney Carroll and $2500 to Jerry Ray, Tony Jelinek, Stephen Anderson and Fred Minor.

- Approves payment of the class administrator fees of $12,409 out of the common fund.

- Approves payment of attorney fees and costs out of the common fund to class counsel of $425,000 out of which will be paid of litigation costs of $8,770.55 and $5,000 payment to attorney Susan Hess.

- Orders that the above-captioned matter be dismissed, with prejudice, and that each Class Member shall fully, finally, and forever waive and release the Defendants and the Released Parties from any and all Released

Claims, and other liabilities, as set forth in greater detail in the Class Action Settlement Agreement.

Dated

_____