IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| RODNEY CARROLL; TODD VAN DER JAGT; JERRY RAY; TONY JELINEK; STEPHEN ANDERSON; and FRED MINOR, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>FLEXSTEEL INDUSTRIES, INC.; JERALD K. DITTMER; DERECK P. SCHMIDT; and UNNAMED FIDUCIARIES OF FLEXSTEEL'S ERISA-GOVERNED SEVERANCE PLAN,<br><br>Defendants. | 21-CV-1005-CJW-MAR<br><br>**ORDER APPROVING SETTLEMENT, SERVICE FEES, ATTORNEYS' FEES AND COSTS, AND CLASS ADMINISTRATOR FEES** |

_____

This matter is before the Court on plaintiffs' unopposed motion for final approval of the proposed settlement (Doc. 54) and plaintiffs' unopposed motion for approval of service fees, attorneys' fees and costs, and class administrator fees (Doc. 48). On April 7, 2022, the Court previously entered an order preliminarily approving the settlement and prescribing notice. (Doc. 46). On August 31, 2022, the Court held a Fairness Hearing[1] at 3:00 p.m. CST, in courtroom 4, United States Courthouse, 111 Seventh Avenue SE, Cedar Rapids, IA 52401. (Doc. 54). The parties now ask the Court to finally approve the settlement and related fees and costs. Defendants did not object to plaintiffs' motion for preliminary approval, motion for final approval, or motion for

---

[1] In using this and other capitalized terms, the Court adopts the definitions provided in the parties' settlement agreement. (Doc. 44-4).

approval of fees. No class members objected to the settlement at the hearing or via the procedure set forth in the settlement agreement and order preliminarily approving the settlement for written objections to be filed with the Court. (Doc. 54).

## I. PROCEDURAL HISTORY

On March 2, 2021, this case was filed by former employees of Flexsteel's Dubuque, Iowa and Starkville, Mississippi facilities and on behalf of terminated employees of Flexsteel. (Doc. 1). Plaintiffs asserted claims under The Employee Retirement Income Security Act of 1974 ("ERISA"), the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), and the Iowa Wage Payment and Collection Act, Iowa Code, Chapter 91A. Plaintiffs claimed that defendants ("defendants" or "Flexsteel") had violated the WARN Act by failing to give 60 days' notice of plant closures and violating the ERISA Act by failing to pay severance in accordance with previously established benefit plans. Flexsteel vigorously defended the case throughout the litigation, with assertions that included, but were not limited to, that there was no ERISA plan, no severance payments were due any former employees of Flexsteel, and that the plant closures during the pandemic were the result of circumstances exempt under WARN. The Court considered and denied two motions to dismiss. (Docs. 17 & 29). The parties engaged in written discovery and negotiations over electronic discovery. The parties engaged in a mediation session on December 3, 2021, and, following that mediation, the parties agreed to settlement terms that included total financial payment to plaintiffs and their counsel in the amount of $1,275,000.

On April 7, 2022, the Court issued an order preliminarily certifying the class for settlement purposes under Federal Rule of Civil Procedure 23. (Doc. 46). The class definition is:

> United States based permanent employees of Flexsteel whose employment was terminated as a result of Flexsteel restructuring/downsizing/facility closure at any time during the period of January 1, 2020 through December

3, 2021, excluding individuals who signed releases and individuals on temporary assignment at Flexsteel.

(*Id.*, at 10).

Notice of the Rule 23 class was sent to class members following the Court's preliminary approval of the settlement. The notice included a short form post card notice mailed to each class member with links to the class action website with a longer notice and detailed information regarding the ways to object to and/or opt out of the settlement agreement. At the Fairness Hearing, class counsel informed the Court that notice was mailed on May 2, 2022, with the opt-out deadline of June 1, 2022. 331 notices were mailed, with five undeliverable. The Court deems this notice the best notice practicable under the circumstances and finds that it was reasonably calculated to apprise all class members of the pendency of the class action and effect of the settlement, that due and sufficient notice of the Fairness Hearing and the rights of all class members has been provided, and that it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other appliable laws and rules.

In addition, as required by the Class Action Fairness Act, Title 27, United States Code, Section 715, the class administrator mailed notices to attorneys general in states affected by the settlement on April 25, 2022. (Docs. 52, 52-1, 52-2, 52-3). There have been no objections by the attorneys general in response to that notice.

## II. THE SETTLEMENT

For the following reasons, the Court finds the parties' settlement is a reasonable compromise of the claims.

### A. *Applicable Law*

"The claims . . . of a certified class . . . may be settled [or] voluntarily dismissed. . . only with the court's approval." FED. R. CIV. P. 23(e). "If the

3

Case 2:21-cv-01005-CJW-MAR    Document 55    Filed 09/01/22    Page 3 of 9

proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate[.]"  FED. R. CIV. P. 23(e)(2).

The court "acts as a fiduciary [that] must serve as a guardian of the rights of absent class members," and the court cannot accept a settlement that is not fair, reasonable, and adequate.  *Grunin v. Int'l House of Pancakes, Inc.*, 513 F.2d 114, 123 (8th Cir. 1975). To determine whether a settlement is fair, reasonable, and adequate under Rule 23(e), the Eighth Circuit directs district courts to consider four factors: "(1) the merits of the plaintiffs' case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement."  *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quotation omitted).  The balance of the merits of the plaintiffs' case against the settlement terms is the most important consideration.  *Id.*

### B. Analysis

For the following reasons, the Court finds the *Marshall* factors weigh in favor of approving the settlement.

Plaintiffs show that, weighing the merits of their case against the terms of settlement, "three main reasons justify[ ] the compromise" of settlement. (Doc. 44-1, at 9).  First, damages are uncertain and settlement helps avoid this uncertainty.  (*Id.*). Second, the WARN Act defines its damages as back pay, meaning that class members receiving back pay awards under the WARN Act must reimburse the state for unemployment benefits.  (*Id.*).  Settlement, however, allows for flexibility in this allocation.  (*Id.*).  Third, the class members must produce evidence of a written ERISA plan to prevail at trial and it is unclear whether continued e-discovery would produce this necessary evidence.  (*Id.*, at 9–10).

Plaintiffs know of no reason why defendants would not be able to pay an adverse judgment (*Id.*, at 10), but the Court has previously noted that continuing to litigate this

4

matter would only continue to accumulate attorneys' fees for plaintiffs and their class members, adding to expense of litigation. Because the litigation involves ERISA claims and is a class-action suit, it is necessarily complex. Finally, after completion of the two-step notice with a 30-day opt out period and opportunity to object, none of the 331 class members raised objections or opted out.

In sum, the balance of *Marshall* factors leaves the Court satisfied that the proposed settlement is fair, reasonable, and adequate. Moreover, as the fiduciary guarding the rights of absent class members, the Court has reviewed the proposed distribution formula, which is based on years of service and compensation level and distributed pro rata among the class, and finds it equitable.

Based on the Court's observations, the lack of objections and/or opt outs from class members, the record as a whole, applicable law and representations of counsel, the settlement is a fair, reasonable, and adequate compromise of the claims under Federal Rule of Civil Procedure 23(e). The Court hereby approves the proposed settlement. Each and every term, provision, condition, and agreement of the settlement is adopted, incorporated, and made part of this judgment, as if copied here, and will be effective, implemented, and enforced as provided in the settlement. As discussed at the Fairness Hearing, neither the settlement nor this order approving it will give rise to any inference of, or be construed or used as an admission, concession, or declaration against any of the defendants of wrongdoing or liability in this action.

### III. THE PAYMENTS

For the following reasons, the Court also approves payment of plaintiffs' proposed service fees, attorneys' fees and costs, and class administrator fees from the common settlement fund.

5

Case 2:21-cv-01005-CJW-MAR   Document 55   Filed 09/01/22   Page 5 of 9

### A. Service Fees[2]

Class counsel seek the Court's approval of service fees to class representatives in this case. Courts routinely recognize and approve incentive awards for class representatives. *Jones v. Casey's Gen. Stores, Inc.,* 266 F.R.D. 222, 231 (S.D. Iowa 2009) (approving $10,000 service fees to named plaintiffs who had advanced the litigation and achieved substantial benefits for class members). Payments are appropriate when the named representatives took steps to protect the rights of class members by lending their names and efforts to the prosecution of a class action. *See id. See also, e.g.*, *Gulino v. Symbol Techs., Inc.,* No. 06CV2810(JG)(AKT), 2007 WL 3036890, at *2 (E.D.N.Y. Oct. 17, 2007); *Nilsen v. York Cnty.*, 382 F.Supp.2d 206, 215 (D. Me. 2005) (approving incentive payments of $5,000.00–$6,500.00 for class representatives); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250 (S.D. Ohio 1991) (discussing participation, risk, time, and effort as factors properly considered when determining service fees). The record supports the proposed service fees of $7,500 each to Rodney Carroll and Todd Van Der Jagt in light of their leadership roles in discovery, class communication, and settlement negotiations. (Doc. 48, at 3–4). The Court also approves the requested service fees of $2,500 each to Jerry Ray, Tony Jelinek, Stephen Anderson and Fred Minor, the other class representatives, in light of their participation in discovery and providing documents and information for the benefit of the class. (*Id.*, at 4). The Court approves payment of these service fees from the common settlement fund.

---

[2] In various filings, plaintiffs appear to refer to payments in recognition of named plaintiffs' services as "service fees," (Docs. 44-2, at 1; 44-3, at 3; 48, at 1; 49-1, at 1), "service awards," (Docs. 44-1, at 9; 44-4, at 14), "incentive awards," (Doc. 49, at 3), and "incentive payments," (*Id.*, at 2–3). Because the settlement does not define any of these terms and the class notice referred to these payments as "service fees," (Docs. 44-2, at 1; 44-3, at 3), the Court uses the term "service fees."

### B.  Attorneys' Fees and Costs

Class counsel also seek the Court's approval of attorneys' fees and costs from the common settlement fund of $425,000 in fees and costs. The proposed fees amount to one-third of the $1,275,000 settlement fund (Doc. 44-4, at 4) and include $3,770.55 in litigation costs and $5,000 to be paid to Susan Hess, a referring attorney who devoted time and effort to the case prior to class counsel's involvement (*See* Doc. 49-5). Class counsel assert they have devoted nearly 500 hours to advance this case. (*See* Docs. 49, at 7, 9; 49-3; 49-4). At the Fairness Hearing, class counsel informed the Court that contingency fee agreements between class counsel and 55 class members set the fee at one-third of any recovery. Further, class counsel are experienced and have achieved a fair result for their clients. (*See* Docs. 49-3 & 49-4).

Under the Iowa Wage Payment Collection Act prevailing plaintiffs are entitled to reasonable attorneys' fees. *Am. Fam. Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 352 (8th Cir. 2013); IOWA CODE § 91A.8. The award amount is within the trial court's discretion. In addition, the court has the discretion to grant attorneys' fees to the prevailing party in a WARN Act claim. 29 U.S.C. § 2104. Attorneys' fees may also be awarded under ERISA. *See Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 973 (8th Cir. 2002).

The court's approval of fees paid out of the settlement fund is required. FED. R. CIV. P. 23(e); *Casey's Gen. Stores,* 266 F.R.D. at 230–31. Fees should be fair and reasonable and adequately reflect the risk counsel took in pursuing the case and a fair market value for the services provided. *Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009). The court should look to whether the efforts of counsel resulted in tangible benefits to the class, the complex nature of the litigation, the substantial risks involved, the quality of work performed, and the efficient manner in which this litigation was resolved. *Id.* (approving an award of $2,181,150 for fees and

costs on a settlement of $6.7 million). Here, the Court finds that counsel achieved tangible results for the class; that there was and continues to be significant risk associated with the legal issues; that the fees are reasonable; that the legal work was of high quality and that the case was conducted efficiently. Further, the Court finds that the fees represent fair market value for the work performed.

The Court reviews the proposed attorneys' fees to be paid out of the settlement fund under Federal Rule of Civil Procedure 23(h) in connection with the decision on whether to approve the settlement. Consistent with this Rule and the Court's order (Doc. 46, at 13), class counsel filed their motion for fee approval on April 29, 2022, with the motion and accompanying brief being posted on the class administrator's web site, which also provided notice of the Fairness Hearing and the opportunity to object. No objections have been made.

The Court hereby approves payment of the attorneys' fees and costs from the common settlement fund.

### C. *Class Administrator Fees*

Finally, class counsel seek the Court's approval of fees to Simpluris, the class administrator, for its expenses, including the required notices to the class, establishment of the class action settlement web site, and calculation and distribution of settlement proceeds. Class counsel assert the class administrator fees total $12,409, and have agreed to pay $5,000 of this cost out of their attorneys' fees. The Court finds the documents submitted in support of Simpluris' fee (Doc. 49-2) support fees in the amount of $12,409.

The Court hereby approves payment of the class administrator fees from the common settlement fund.

### IV. CLASS MEMBER DISMISSAL, WAIVER, AND RELEASE OF CLAIMS

In exchange for the settlement payments, service fees, attorneys' fees and costs, class administrator fees, and in accordance with the parties' agreement, the Court further

8

Case 2:21-cv-01005-CJW-MAR   Document 55   Filed 09/01/22   Page 8 of 9

dismisses the above-captioned matter with prejudice, and that each class member fully, finally, and forever waives and releases defendants and the Released Parties from any and all Released Claims, and other liabilities, as set forth in greater detail in the settlement. *See* FED. R. CIV. P. 54(b); (Doc. 44-4).

## V. CONCLUSION

For these reasons, the Court **grants** plaintiffs' motion for final approval of the settlement (Doc. 54) and **grants** plaintiffs' motion for approval of service fees, attorneys' fees and costs, and class administrator fees (Doc. 48). Specifically, the Court:

1. **Approves** the proposed settlement and distribution formula;
2. **Approves** payment out of the common fund of the requested service fees to class representatives of $7,500 each to Rodney Carroll and Todd Van Der Jagt and $2,500 to Jerry Ray, Tony Jelinek, Stephen Anderson, and Fred Minor.
3. **Approves** payment of the class administrator fees of $7,409 out of the common fund.
4. **Approves** payment of attorneys' fees and costs out of the common fund to class counsel of $425,000 out of which will be paid $8,770.55 in litigation costs, a $5,000 payment to attorney Susan Hess, and a $5,000 payment to the class administrator.
5. **Dismisses with prejudice** the above-captioned matter, and that each class member shall fully, finally, and forever waive and release defendants and the Released Parties from any and all Released Claims, and other liabilities, as set forth in greater detail in the settlement.

**IT IS SO ORDERED** this 1st day of September, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa